In The United States District Court
FOR THE DISTRICT OF COLORADO

Criminal Action No.  19-cr-000534-MSK-GPG

United States of America,

    Plaintiff,

    v.

1.  JOSE TROCHEZ-SANCHEZ,
    Defendant.

## MOTION FOR SEPARATE TRIAL

Jose Trochez-Sanchez, by and through his court-appointed counsel, Marna M. Lake, respectfully moves for a separate trial from that of his co-defendants, Christopher Paredes- Moreno and Francisco Alejandro-Escobar pursuant to Rule 14 of the Federal Rules of Criminal Procedure.  As grounds, the following is stated:

Fed.R.Crim.P.14 provides relief from prejudicial joinder:

> If it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendant in any indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires.  In ruling on a motion by a defendant for severance the court may order the attorney for the government to deliver to the court for inspection *in camera* any statements or confessions made by the defendants which the government intends to introduce in evidence at the trial.

Pursuant to Rule 14, the court may grant a severance of defendants if it appears joinder results in prejudice to a defendant.  In *Zafiro v. United States*, 506 U.S. 534, 539 (1993), the Supreme Court held:

> We believe that, when defendants properly have been joined under Rule 8(b), a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence. Such a risk might occur when evidence that the jury should not consider against a defendant and that would not be admissible if a defendant were tried alone is admitted against a codefendant. For example, evidence of a codefendant's wrongdoing in some circumstances erroneously could lead a jury to conclude that a defendant was guilty.

In this case, the two co-defendants made statements to law enforcement concerning their and Mr. Trochez-Sanchez's alleged involvement in this case. If they do not testify, their incriminating statements regarding Mr. Trochez-Sanchez will be introduced at a joint trial, but Mr. Trochez-Sanchez will not have the opportunity to cross-examine them.

In *Bruton v. United States,* 391 U.S. 123, 88 S. Ct. 1620, 20 L. Ed. 2d 476 (1968)*,* it was "held that a defendant is deprived of his Sixth Amendment right of confrontation when the facially incriminating confession of a non-testifying co-defendant is introduced at their joint trial, even if the jury is instructed to consider the confession only against the co-defendant." *Richardson v. Marsh*, 481 U.S. 200, 207 (1987)

> *Bruton* provides the foundation for affirmative remedial measures–most notably, severance–upon a proper showing that a co-defendant's statement offered into evidence would inculpate the defendant. These measures are meant to avoid the extrinsic (i.e., collateral) damage to a defendant from the jury's undue consideration of a co-defendant's facially inculpatory statement–factors that the jury would be highly unlikely to 'disregard' and one that cannot be remedied by a curative instruction.
>
> *United States v. Clark*, 717 F.3d 790, 814 (10th Cir. 2013) cert. denied, 134 S. Ct. 903, 187 L. Ed. 2d 777 (2014).

For the reasons set forth above, Jose Trochez-Sanchez respectfully requests that his motion for a separate trial be granted.

DATED this 9th day of March, 2020

    Marna M. Lake
Marna M. Lake
Marna M. Lake, P.C.
319 Colorado Avenue
Grand Junction, CO 81501
Telephone: (970) 245-7997
FAX: (970) 241-1719
E-mail: marnalake @gmail.com
Attorney for Jose Trochez-Sanchez

CERTIFICATE OF SERVICE

I hereby certify that I have this 9th day of March, 2020, electronically filed the foregoing with the Clerk of the Court using the ECF system which will send notification of such filing to the following e-mail addresses:

Pete Hautzinger
Assistant United States Attorney
peter.hautzinger@usdoj.gov

and I hereby certify that I have mailed or served the document to the following non CM/ECF participants in the manner (mail, hand-delivery, etc.) indicated by the non-participants name:

Jose Trochez-Sanchez
via mail

    s/ Beth Gibbon